621 A.2d 1167

AVALOTIS PAINTING and Rockwood Insurance Company (In Liquidation/Inservco Insurance Services), Petitioners,

v.

WORKMEN'S COMPENSATION APPEAL BOARD, Joseph MARKULIN, claimant Raymond Painting Company, Fort Pitt Painting Company, Cy's Painting Company, Harold Ormasher Painting Company, A. Laugeni & Sons, Abco Painting Company, Almega Company and Dovis Painting Company, Respondents.

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 31, 1992.

Decided Feb. 16, 1993.

512

Mary P. Portis, for petitioners.

John F. Wills, Jr., for respondent, Harold Ormasher Painting Co.

Before CRAIG, President Judge, PELLEGRINI, J., and BLATT, Senior Judge.

CRAIG, President Judge.

Employer Avalotis Painting appeals an order of the Pennsylvania Workmen's Compensation Appeal Board that affirmed a referee's decision granting worker's compensation benefits to claimant Joseph P. Markulin, under section

301(c)(2) of the Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 411(2). The employer filed a petition for reconsideration of the board's decision, which the board denied.

The sole issue the employer raises in this appeal is whether the board erred in concluding that the employer is responsible for workmen's compensation benefits to the claimant, solely upon a rationale based upon the board's interpretation of section 301(c)(2), that this employer was the last one for whom the claimant's total employment was for more than one year, involving some exposure, during part of the employment period, to hazardous elements that cause occupational diseases such as that from which the claimant suffers.

The employer argues that the board should have considered the claimant's actual period of exposure to disease-causing elements in his work for other employers, rather than base its decision solely on the period of employment with each employer.

Section 301(c)(2) provides:

The employer liable for compensation provided by Section 305.1 or Section 108, Sections ... (1) ... shall be the employer in whose employment the employee was last exposed for a period of not less than one year to the hazard of the occupational disease claimed. In the event the employee did not work in an exposure at least one year for any employer during the 300 week period prior to disability or death, the employer liable for the compensation shall be the employer giving the longest period of employment in which the employee was exposed to the hazards of the disease claimed.

In this case, the pivotal Finding No. 9, which the employer does not dispute, states in pertinent part:

This Referee also finds that [Avalotis Painting Co., Inc. was] the only employer who employed the claimant for more than one year in the 300 week period immediately preceding the date the claimant became disabled. This Referee also finds that the claimant was, in the 300 week period immediately preceding his disability, employed in an occupation where he

incurred exposure to silica the longest by Avalotis Painting Company, Inc. Therefore, Avalotis Painting Company, Inc., and its insurer, Rockwood Insurance Company, are liable for the claimant's benefits. All other remaining employers and their insurance companies are dismissed. (Finding of Fact No. 9.)

The employer argues that the statute should be interpreted as meaning that, when an employer is responsible for a period of actual *exposure* greater than one year, that employer is liable for benefits; however, when a claimant works for one employer for more than one year, but the period of actual exposure is less than the claimant's exposure with another employer, for whom the claimant worked less than one year, the employer responsible for the greater period of actual exposure should be liable.

The employer argues that the board should have held liable another of the claimant's employers, Almega Company, one for whom the claimant worked less than one year, because that other employer allegedly was responsible for a greater period of exposure.

In *Hoosier Engineering Company v. Workmen's Compensation Appeal Board (Winters)*, 153 Pa.Commonwealth Ct. 229, 620 A.2d 697 (1993), an employer argued that section 301(c)(2) should be interpreted to mean that length of employment is the determinative factor in imposing liability. In that case, the claimant had worked for two employers for periods of less than one year each. During his periods of employment with both employers he was exposed in varying degrees to an occupational disease causing element. The claimant's testimony supported a finding that, although he had worked for one employer for a longer period of time, his actual exposure during his employment with Hoosier Engineering was longer.

This court concluded that period of actual exposure, rather than length of employment, controlled:

Theoretically, the construction of Section 301(c)(2) urged by Hoosier would impose liability on an employer providing eleven months of employment with one day of exposure to silica hazards and absolve an employer providing ten

months and twenty-nine days of employment with daily exposure to silica hazards. It is apparent that such an anomaly was not intended by the legislature.

153 Pa.Commonwealth Ct. at 234, 620 A.2d at 699.

Although the present case involves an employer who employed the claimant for a period of more than one year, thus potentially bringing this case within that part of section 301(c)(2) which places liability with "the employer in whose employment the employee was last exposed for a period of not less than one year," our conclusion is that length of the claimant's actual exposure with his employers remains the determinative factor. If this court were to agree with the board's interpretation, that the legislature meant period of employment rather than length of exposure, the result could be the same anomaly the court in *Hoosier Engineering* sought to prevent.

Moreover, the second sentence of Section 301(c)(2), which begins

In the event the employee did not work *in an exposure at least one year....* (Emphasis added)

clearly confirms that the "period of not less than one year," in the preceding sentence, refers to the period of *exposure* rather than to the period of employment.

Accordingly, this court concludes that the word "exposure" in section 301(c)(2) means that, in cases in which a claimant has worked for an employer who is responsible for an actual period of exposure of one year or more, that employer is liable. If there is more than one such employer who is responsible for a period of actual exposure of one year or more, the employer who *last* thus employed the claimant is liable. Of course, in accordance with *Hoosier Engineering,* if no employer is responsible for a period of actual exposure of one year or more, the employer responsible for the *longest* period of actual exposure is the employer who is liable for compensation payments. Thus, period of exposure, not the total period of employment, is the governing factor throughout section 301(c)(2).

Even when we apply that interpretation of the Act, we note that the referee also determined that Avalotis Painting was the employer responsible for the longest period of exposure to disease-causing elements:

[T]he claimant was, in the 300 week period immediately preceding his disability, employed in an occupation where he incurred exposure to silica the longest by Avalotis Painting Company, Inc. (Finding of Fact No. 9)

The record does not support a finding that Avalotis was responsible for exposure to silica for a period of more than one year. Nor do any of the claimant's other employers fall within that category. Therefore, the referee was not required to make a finding regarding which was the *last* employer responsible for an exposure period of more than one year. Hence, the only question the referee needed to resolve was which employer was responsible for the *longest* period of exposure.

The referee found that the claimant's disability is silicosis. Thus, the pivotal question is whether there is substantial evidence to support the referee's finding that Avalotis was responsible for the longest period of exposure to silica sand during the 300–week period before the claimant's disability arose.

The claimant's testimony demonstrates the difficulty in making specific factual findings concerning actual periods of exposure. The claimant's testimony concerning whether he used silica sand, the causative factor of his disability, or Black Beauty, another substance used in the blasting process in the claimant's work, was not unequivocal. His testimony was contradictory regarding the substance used for blasting at several of the sites at which he worked.

Despite those inconsistencies, the testimony of one of the claimant's employers, Almega, which Avalotis argues should be liable for the claimant's compensation, indicates that during the applicable 300–week pre-disability period, Almega did not use silica for blasting. (R.R. 228a–229a.) The witness, Almega's Vice–President, testified that Almega had not purchased silica sand since 1979.

The claimant's testimony does indicate that he was exposed to silica for a minimum of two weeks during the course of his employment with Avalotis. (R.R. 224a)

The claimant testified that he was also exposed to silica while he was working for Dovas Painting Company in Kentucky in 1985. However, that testimony does not indicate that he was exposed to silica while working for Dovas for a period longer than his exposure while working for Avalotis:

Q. There you used silica sand in sandblasting, is that correct?

A. Yes.

Q. Do you remember how long that job took place?

A. I was only there about a week or so it wasn't very long.

Q. Week to two weeks, is that correct?

A. Yes.

The referee, as fact finder, reviewed the evidence and determined that Avalotis was responsible for a longer period of actual exposure. As indicated in our discussion above, substantial evidence supports that finding.

■ This court can affirm the board based upon a legal ground different from that followed by the board when, as here, that result is justified by a factual finding supported by substantial evidence. *Gregorious v. Workmen's Compensation Appeal Board (European Health Spas)* 87 Pa.Commonwealth Ct. 86, 486 A.2d 564 (1985). Accordingly, the decision of the board is affirmed.

## ORDER

NOW, February 16, 1993, the decision of the Pennsylvania Workmen's Compensation Appeal Board, dated April 13, 1992, at No. A90–1647, is affirmed.