646 A.2d 65

**Mary FERRACCIO, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (INTECH CONSTRUCTION COMPANY, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 3, 1994.

Decided July 20, 1994.

Reargument Denied Sept. 8, 1994.

170

James J. DeMarco, for petitioner.

Eric S. Weiss, for respondent.

Before DOYLE and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Mary Ferraccio (Widow) appeals from the order of the Workmen's Compensation Appeal Board (WCAB) that reversed the referee's grant of fatal claim benefits from the death of her husband, Alphonso Ferraccio (Decedent). We affirm.

Decedent worked for Intech Construction Co., Inc. (Employer) from October 1986 to February 1988, approximately sixteen months. For only nine months, from December 12, 1986 through August 11, 1987, Decedent worked as a project supervisor during the renovation of a building in Philadelphia.[1] During the course of the renovation, Employer hired two separate subcontractors to remove asbestos from the building. On April 20, 1988, Decedent filed a claim petition against Employer, alleging disability as a result of inhalation and ingestion of asbestos fibers attributable to his work with Employer. Decedent passed away on June 8, 1988, and his Widow filed a fatal claim petition alleging that Decedent's

---

1. Before working for Employer, Decedent worked for at least eight different construction companies from 1982 until his employment with Employer.

death was caused by asbestosis attributable to the work he had performed with Employer.

Before the referee, Widow presented the testimony of Decedent's brother, Raymond Ferraccio, also an employee of Employer, who worked as a carpenter-foreman on the renovation project. Mr. Ferraccio testified that Decedent was directly exposed to asbestos on three occasions. Daniel C. DuPont, M.D., testified that Decedent died as a result of metastatic bronchogenic carcinoma attributable to cigarette smoking and Decedent's exposure to asbestos.

Employer presented the testimony of Craig J. Sabatino, one of Employer's owners. Mr. Sabatino testified that because the asbestos abatement companies used sophisticated removal processes so that the employees would not be exposed to asbestos, Decedent had not been exposed. Mr. Sabatino further testified that asbestos was only present at the renovation for a limited period of five weeks.

In a decision and order circulated May 30, 1991, the referee credited the testimony of Decedent's brother that Decedent was exposed to asbestos during the renovations on three different occasions and accepted the testimony of Dr. DuPont that Decedent's death was caused to a substantial degree by his exposure to asbestos as well as from cigarette smoking.

Employer appealed to the WCAB which reversed the referee's decision based on Widow's failure to prove exposure to occupational hazard for a two-year period as required by Section 301(d) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 412. Widow filed a petition for rehearing which the WCAB granted. However, the WCAB again reversed the referee's order based on Section 301(d) of the Act.

On appeal to this Court,[2] Widow argues that the WCAB: 1) erred as a matter of law in relying on Section 301(d) of the

2. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence. 2 Pa.C.S. § 704.

Act; and 2) abused its discretion in reversing the referee's finding that Decedent was exposed to asbestos because substantial evidence exists to support that finding.

First, Widow argues that the WCAB erred as a matter of law in relying on Section 301(d) of the Act because Section 301(c)(2), 77 P.S. § 411(2), is controlling. Section 301(d) of the Act, 77 P.S. § 412, provides:

> Compensation for silicosis, or anthracosilicosis, coal worker's pneumoconiosis or asbestosis, shall be paid only when it is shown that the employe has had an aggregate employment of at least two years in the Commonwealth of Pennsylvania, during a period of ten years next preceding the date of disability, in an occupation having silica, coal or asbestos hazard.

Section 301(c)(2) of the Act provides:

> The employer liable for compensation ..., shall be the employer in whose employment the employe was last exposed for a period of not less than one year to the hazard of the occupational disease claim. In the event the employe did not work in an exposure at least one year for any employer during the three hundred week period prior to disability or death, the employer liable for the compensation shall be that employer giving the longest period of employment in which the employe was exposed to the hazards of the disease claimed.

While Section 301(c)(2) applies to employees employed by an employer not less than one year, as was Decedent's case, Section 301(d) of the Act is a threshold requirement for receiving benefits. Because Widow did not offer any testimony to establish Decedent had an aggregate employment in an occupation having an asbestos hazard for at least two years, Widow's argument that Section 301(d) is inapplicable is without merit.

Next, Widow argues that the WCAB abused its discretion because the referee's finding that Decedent was exposed to asbestos while working for Employer is supported by substantial evidence. Even if Decedent would have met the

threshold requirement of Section 301(d), this argument too must fail.

One of the fundamental elements needed to establish a right to compensation, is that the injury arises in the course of employment. Section 301(c)(1) of the Act, 77 P.S. § 411(1). In order to establish that Decedent's injury arose in the course of employment, and thus that Employer is liable under Section 301(c)(2), Claimant has the burden of proving either: 1) that Decedent was exposed to asbestos for a period of one year or more while in the Defendant's employ; or 2) that Decedent was not exposed to asbestos for one year or more with any employer, but was exposed for the longest period of time with the Employer here.

The only evidence presented of Decedent's asbestos exposure came from his brother, whose testimony established a total of only three encounters:

Q. Were there any occasions when you were on the job where you saw him in direct contact with asbestos?

A. Yes. There was a area—they were looking for—the plumber and him—they were looking for a sewer pipe . . . and they went up into this crawl space where there was a bunch of powder.

\* \* \* \* \* \*

Q. Apart from that one incident, did you ever see your brother at any other time on his job, exposed to anything?

A. Well, I seen him coming out of that room two other times, him and the plumber.

(42a–43a, 48a).

The referee, by crediting this testimony as to exposure and by crediting Mr. Sabatino's testimony that any asbestos work was conducted during a five-week period, demonstrates that the proof of exposure to asbestos is limited. In analyzing the application of Section 301(c)(2) of the Act, in *Avalotis Painting v. Workmen's Compensation Appeal Board (Markulin)*, 153 Pa.Commonwealth Ct. 511, 621 A.2d 1167 (1993), we stated:

[t]he word 'exposure' in section 301(c)(2) means that, in cases in which a claimant has worked for an employer who

is responsible for an actual period of exposure of one year or more, that employer is liable. If there is more than one such employer who is responsible for a period of actual exposure of one year or more, the employer who *last* thus employed the claimant is liable. Of course, if no employer is responsible for a period of actual exposure of one year or more, the employer responsible for the *longest* period of actual exposure is the employer who is liable for compensation payments. Thus, period of exposure, not the total period of employment, is the governing factor throughout Section 301(c)(2).

*Id.* at 515, 621 A.2d at 1169. Because Decedent was not "actually exposed" for more than one year, while in Employer's employ, it was necessary for Widow to present evidence concerning which of Decedent's nine employers, *see* n. 1, was responsible for the longest period of actual exposure. While Dr. DuPont testified that Claimant was exposed to asbestos over a twenty-five year period, this testimony does not provide any specific periods of exposure with any specific employer. Widow asserts that because she presented evidence Decedent was exposed to asbestos while working for Employer, the burden shifted to Employer to demonstrate Decedent's exposure with Employer was less than with his other employers. However, a claimant has the burden of proving all the necessary elements to support an award of benefits under the Act. *Stegen v. Cantebury Coal,* 53 Pa.Commonwealth Ct. 617, 419 A.2d 225 (1980). Therefore, Widow's argument that the burden shifted to Employer is improper. Thus, we hold that Widow also failed to present the necessary evidence to support her burden that Employer here was responsible for the longest period of actual exposure making it liable for compensation.

Accordingly, we affirm.

### ORDER

AND NOW, this 20th day of July, 1994, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.