649 A.2d 480

**Kenneth CABLE, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (GULF OIL/CHEVRON USA, INC.), Respondent.**

*Commonwealth Court of Pennsylvania.*

Submitted on Briefs Aug. 12, 1994.

Decided Oct. 31, 1994.

Petition for Allowance of Appeal Granted March 30, 1995.

202

Anne P. Migatz, for petitioner.

Douglas B Marshall, for respondent.

Before PELLEGRINI and FRIEDMAN, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Kenneth Cable (Claimant) petitions for review of an order of the Workmen's Compensation Appeal Board (Board) which reversed a referee's determination that Claimant's occupational disease was discovered within three hundred weeks of his last date of employment with Gulf Oil/Chevron USA, Inc. (Employer). We reverse.

The following facts are not disputed on appeal. Claimant was employed with Employer from July, 1970 until March 30, 1983. For the first two to three years of his employment, Claimant's work involved cleaning the inside of a unit which

manufactured benzene and coumene. The unit was cleaned over a two week period twice a year. For the remainder of his employment, Claimant worked as a pipefitter and spent approximately thirty percent of his time working on and around the same unit.

In December of 1979, Claimant was injured by an explosion on Employer's premises. Claimant was unable to return to work due to these injuries, except for a three month period in 1981. Employer terminated Claimant's employment effective March 30, 1983.

In July, 1988, Claimant was diagnosed as suffering from bladder cancer and was informed by his doctor that his disease resulted from his exposure to benzene and coumene. Claimant gave timely notice to Employer but received no response. On April 14, 1989, Claimant filed a claim petition, to which Employer filed a timely answer denying the allegations against it.

Following hearings, the referee granted Claimant's petition, based on findings that Claimant suffered from an occupational disease and that Claimant established the causal relationship between his employment and the disease with reasonable medical certainty. The referee further found that Claimant's occupational disease was discovered within three hundred weeks of Claimant's last date of employment. The pertinent findings made by the referee are as follows:

1. Kenneth Cable, an adult individual, was employed by Gulf Oil Corporation for approximately 13 years, commencing in 1970, and terminating on March 30, 1983.

. . . .

6. Claimant's employment status was reduced to disability as a result of injuries which he sustained in a prior work-related accident on December 7, 1979, from which he suffered a fracture of the right tibia and fibula and a crushed patella in the left knee and serious injury to both legs.

7. Claimant received notice of the termination of his employment effective March 30, 1983, from Gulf Oil Corporation by a letter from Gulf, dated March 8, 1983.

8. In July 1988, claimant was informed by Dr. Nicholai Zelneronok that he was diagnosed as suffering from bladder cancer and that the tumors present in his bladder would have to be immediately removed.

9. On July 21, 1988, Dr. Zelneronok performed resection of the bladder tumors, yielding 31 grams of tissue. Dr. Zelneronok confirmed with reasonable medical certainty, that the bladder tumors were the result of Mr. Cable's exposure to the carcinogens, cumene [sic] and benzene, during the course of his employment at defendant corporation.

10. The continuous exposure to such carcinogens resulted during the course of the claimant's employment with defendant, Gulf Oil Corporation, since on or about July, 1970, through March 30, 1983.

11. As soon as claimant became aware that a causal connection between the bladder cancer and his employment existed, claimant notified his employer by telephone and by follow-up letter in early September, 1988.

. . . .

17. Timely notice was provided to defendant corporation pursuant to the statutory requirement of 300 weeks following the date of last employment, March 30, 1983.

(Reproduced Record, pp. 216a–217a.) Following these findings, in his Conclusion of Law 2, the referee states:

2. The Occupational Disease suffered by Kenneth Cable was discovered within 300 weeks after the last date of employment with defendant, Gulf Oil Corporation.

(R.R. p. 218a.)

Employer appealed to the Board, arguing that the referee erred in using the Claimant's last date of employment, rather than the last date of actual exposure, as the operative date for the statutory time limitation. The Board agreed and reversed the referee's decision. The Board determined that the referee's Findings of Fact 10 and 17 were not supported by Claimant's testimony because Claimant did not actively work for Employer, nor was Claimant exposed to the hazards causing his occupational disease, after July of 1981. The

Board concluded that Claimant failed to prove that he developed the disease within 300 weeks of his last exposure and thus did not satisfy the time limitation set forth under Section 301(c)(2) of The Pennsylvania Workmen's Compensation Act (Act).[1]

Section 301(c)(2) of the Act states in relevant part:

[W]henever occupational disease is the basis for compensation, for disability or death under this act, it shall apply only to disability or death resulting from such disease and occurring within three hundred weeks after the last date of employment in an occupation or industry to which he was exposed to hazards of such disease.... In the event the employe did not work in an exposure at least one year for any employer during the three hundred week period prior to disability or death, the employer liable for the compensation shall be that employer giving the longest period of employment in which the employe was exposed to the hazards of the disease claimed.

The Board concluded that the referee erred because Claimant's testimony did not support a finding that Claimant's last *exposure* occurred in 1983. However, it is obvious that the referee determined that Claimant's disease was discovered within three hundred weeks of his last date of *employment,* rather than exposure. Upon careful review of the record we conclude that the referee's findings on this issue are supported by substantial evidence. The Board either misunderstood or mischaracterized the referee's findings and erred in concluding that they were unsupported.

In addition, the Board erroneously interpreted *Jones & Laughlin Steel Corp. v. Workmen's Compensation Appeal Board (Feiertag),* 90 Pa.Commonwealth Ct. 567, 496 A.2d 412 (1985), as holding that the 300 week limitation in the statute runs from a claimant's last date of exposure to the hazards of his disease. In that case, one of the issues on appeal was whether substantial evidence supported the referee's finding as to when the claimant's disability commenced; the court did

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 411(2).

not specifically address the question of whether the relevant date under Section 301(c)(2) is the last date of exposure or the last date of employment. In its decision, the *Feiertag* court noted that the claimant was last exposed to the hazards of his disease on his last day of work. Although the court used the words "employment" and "exposure" interchangeably, in *Feiertag* those dates coincided. We cannot apply the language in *Feiertag* to the present case because both the issue and the facts before us are distinguishable. Furthermore, the *Feiertag* court stated that, for an occupational disease to be compensable, "it must occur within three hundred weeks after the last date of employment in an occupation or industry in which the hazard is present." *Id.* at 571, 496 A.2d at 415.

On appeal to this Court,[2] Claimant argues that the Board erroneously interpreted Section 301(c)(2) of the Act; Claimant contends that the time limitation contained in Section 301(c)(2) begins to run from Claimant's last date of employment, citing *J & L Steel Corp. v. Workmen's Compensation Appeal Board (Jones)*, 145 Pa.Commonwealth Ct. 201, 602 A.2d 912 (1992). In that case, the court specifically addressed the question presented here, concluding as follows:

> Employer also asserts, however, that Claimant did not prove that Decedent was *exposed to* asbestos within three-hundred weeks of his death. The statute does not require exposure within three-hundred weeks of death but rather requires death within three-hundred weeks of the date the decedent last worked in the occupation or industry where the exposure occurred. No one disputes that Decedent's last day of work was April 7, 1983 and that he died on September 15, 1986. Thus, he certainly died within three-hundred weeks of his last day of work. And, while the record evidence that his *exposure* to asbestos was within three-hundred weeks of his death may be weak, even Em-

2. Our scope of review in a workmen's compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. *Pokita v. Workmen's Compensation Appeal Board (U.S. Air)*, 163 Pa.Commonwealth Ct. 97, 639 A.2d 1310 (1994).

ployer does not claim that he was never exposed to asbestos asserting only that the exposure was too temporally remote to trigger liability. As we reject this notion, we conclude that Claimant met her burden of proof.

*Id.* at 207–08, 602 A.2d at 915.

As Section 301(c)(2) of the Act applies to either death or disability where they result from an occupational disease, we find the above language to be controlling in this matter.

Employer argues that the Board's interpretation is supported by our decisions in *Avalotis Painting v. Workmen's Compensation Appeal Board (Markulin)*, 153 Pa.Commonwealth Ct. 511, 621 A.2d 1167 (1993) and *Hoosier Engineering Co. v. Workmen's Compensation Appeal Board (Winters)*, 153 Pa.Commonwealth Ct. 229, 620 A.2d 697 (1993). However, in each of those cases, the claimant worked for more than one employer, the claimant's exposure occurred during more than one period of employment, and the question before the court was which employer was responsible for the claimant's workmen's compensation benefits.

In *Avalotis*, the court summarized its decision as follows: Accordingly, this court concludes that the word "exposure" in section 301(c)(2) means that, in cases in which a claimant has worked for an employer who is responsible for an actual period of exposure of one year or more, that employer is liable. If there is more than one such employer who is responsible for a period of actual exposure of one year or more, the employer who *last* thus employed the claimant is liable. Of course, in accordance with *Hoosier Engineering,* if no employer is responsible for a period of actual exposure of one year or more, the employer responsible for the *longest* period of actual exposure is the employer who is liable for compensation payments. Thus, period of exposure, not the total period of employment, is the governing factor throughout section 301(c)(2).

*Id.* at 515, 621 A.2d at 1169.

Thus, where there is more than one employer, or where no employer is responsible for a period of exposure of

one year or more, the court relies on the period of exposure rather than employment in order to achieve an equitable result. The above language also interprets the statute as placing liability on an employer who is responsible for a claimant's exposure for a period of one year or more, and such is the case here. We find no language in the cases cited by Employer which conflicts with our holding that where, as here, there is only one employer, the time limitation contained in Section 301(c)(2) begins to run from the claimant's last date of employment.

Finally, we note that a contrary holding would significantly depart from the remedial nature and beneficent purpose of the Act, which is to be liberally construed. *Peterson v. Workmen's Compensation Appeal Board (PRN Nursing Agency)*, 528 Pa. 279, 597 A.2d 1116 (1991). Employer urges us to avoid a non-equitable result, but would have us limit Claimant's right to recovery because a prior work-related disability interrupted Claimant's long exposure to the hazards of his disease before he was officially terminated.

Accordingly, the decision of the Board is reversed.

## ORDER

NOW, October 31, 1994, the order of the Workmen's Compensation Appeal Board, in the above matter, is reversed.

PELLEGRINI, Judge, dissenting.

I dissent to the majority's holding that under Section 301(c)(2) of the Pennsylvania Workmen's Compensation Act,[1] an occupational disease claim is timely if filed within 300 weeks of claimant's last date of *employment* rather than of *exposure* to the occupational hazard. I believe that such an interpretation is at odds with the plain language of that section and would affirm the Board.

The portion of Section 301(c)(2) of the Act at issue in this case provides:

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 411(2).

[W]henever occupational disease is the basis for compensation, for disability or death under this act, it shall apply only to disability or death resulting from such disease and occurring within three hundred weeks of the last date of employment in an occupation or industry *to which he was exposed to hazards of such disease....* (Emphasis added).

A plain reading of this portion is that the last date of employment referred to in this section triggering the beginning of the running of the 300 weeks is not the last day of work, but the last day the employee "was exposed to hazards of such disease." To hold otherwise is to give no meaning to those quoted words.

Instead of relying on the language in the statute, the majority understandably relies on *J & L Steel Corp. v. Workmen's Compensation Appeal Board,* 145 Pa.Commonwealth Ct. 201, 602 A.2d 912 (1992), where we indeed held that the time for filing, in that case, a fatal claim petition, runs from the date of last employment, not from the date of last exposure. However, the holding in *J & L* was made without reference to the language in Section 301(c)(2). Further, two subsequent decisions of this court, *Avalotis Painting v. Workmen's Compensation Appeal Board (Markulin),* 153 Pa.Commonwealth Ct. 511, 621 A.2d 1167 (1993) and *Hoosier Engineering Co. v. Workmen's Compensation Appeal Board (Winters),* 153 Pa.Commonwealth Ct. 229, 620 A.2d 697 (1993), place the continued vitality of *J & L* in doubt. Both of those cases involved the interpretation of a portion of Section 302(c)(2) which follows the language in question in this case. At issue was which employer was responsible when a claimant worked for multiple employers, all for less than a year—the one with the longest employment less than a year or the one with the longest exposure less than a year. That portion of Section 301(c)(2) provides that:

In the event the employee did not work in an exposure at least one year for any employer during the three hundred week period prior to disability or death, the employer liable for the compensation shall be that employer giving the

longest period of employment in which the employee was exposed to the hazards of the disease claimed.

While the subject matter is different between the interpretation at issue here, as can be seen by a comparison of the language of this portion of the section with the one at issue in this case, there is a parallel internal construction in each instance in that the term "employment" in each portion is modified by the term "exposure." In *Avalotis* and *Hoosier*, we found that based on the plain language of Section 301(c)(2), the responsible employer was the one with the longest period of exposure, not the longest period of employment. The majority fails to take into consideration those cases rejecting, in effect, *J & L* in favor of following *J & L's* casual statement that it is a period of employment rather than exposure that controls.

To show that the majority's interpretation is incorrect, an anomalous result occurs when an employee is exposed to an occupational hazard for one year, but works for the same employer another 40 years in an area that has no exposure to an occupational hazard. He then retires and an occupational disease manifests itself. Under the majority's holding, Claimant has a viable claim if filed within 500 weeks of his last day of work, even though it has been 45 years from the last exposure. However, an employee who has the same one-year exposure but goes to work for another employer and has the same manifestation of the disease more than 300 weeks later, approximately six years later, under the majority's holding, that employee's claim would be time barred. The purpose of the Workmen's Compensation Act is to treat all employees the same, not to protect certain employees just because they are fortunate enough to remain with the same employer throughout their careers.

Because the plain language of Section 301(c)(2) is 300 weeks from the last date of exposure, I would affirm the Board's decision.