664 A.2d 1349

**Kenneth CABLE, Appellee**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (GULF OIL/CHEVRON USA, INC.), Appellant**

Supreme Court of Pennsylvania.

Submitted Aug. 3, 1995.

Decided Sept. 22, 1995.

Douglas B. Marshall, for Gulf Oil.

Michael L. Murphy, for K. Cable.

Norman R. Haigh, for W.C.A.B.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY, CASTILLE and MONTEMURO, JJ.

*OPINION ANNOUNCING THE JUDGMENT OF THE COURT*

FLAHERTY, Justice.

This appeal involves the statutory construction of the limitations period for occupational disease under the workers' compensation law, specifically raising the question whether the manifestation of the disease must occur within three hundred weeks after exposure to the hazard or within three hundred weeks after employment in the occupation in which the exposure occurred. This is the sole question in the case, for there is no dispute as to the relevant facts.

Appellee, Kenneth Cable, worked approximately twelve years for appellant Gulf Oil as a laborer and pipefitter. During most of his career, he was periodically exposed to the carcinogens coumene and benzene. In 1979, an explosion at work severely injured his legs, resulting in total disability. He returned to work for three months in 1981, and was last exposed to coumene and benzene in July, 1981. His status as a Gulf employee was terminated in March, 1983.

In July, 1988, he was diagnosed with bladder cancer and advised by his physician that the condition was caused by his exposure to coumene and benzene. He immediately notified Gulf, and shortly thereafter filed a workers' compensation claim petition. The manifestation of the condition occurred less than three hundred weeks after appellee left the employ-

ment of Gulf Oil, but occurred more than three hundred weeks after his last exposure to the hazard.

The workers' compensation referee found that appellee suffered an occupational disease and that he had established the necessary causal relationship between the disease and his employment. The referee held that appellee was entitled to benefits, as the disease was discovered within three hundred weeks of appellee's employment. The Workmen's Compensation Appeal Board reversed, holding that the statutory three hundred week period is measured, not from the last date of employment, but from the date of last exposure to the hazard. The Commonwealth Court reversed, reinstating benefits, relying on *J & L Steel Corp. v. Workmen's Compensation Appeal Board (Jones)*, 145 Pa.Cmwlth. 201, 602 A.2d 912 (1992). We granted allocatur to resolve this question of the meaning of the three hundred week requirement in the workers' compensation statute.

The three hundred week limitations period is set forth in section 301(c)(2) of the workers' compensation act, 77 P.S. § 411(2), which provides:

(2) The terms "injury," "personal injury," and "injury arising in the course of his employment," as used in this act, shall include, unless the context clearly requires otherwise, occupational disease as defined in section 108 of this act: Provided, That whenever occupational disease is the basis for compensation, for disability or death under this act, it shall apply only to disability or death resulting from such disease and occurring *within three hundred weeks after the last date of employment in an occupation or industry to* [sic] *which he was exposed to hazards of such disease:* And provided further, That if the employe's compensable disability has occurred within such period, his subsequent death as a result of the disease shall likewise be compensable. The provisions of this paragraph (2) shall apply only with respect to the disability or death of an employe which results in whole or in part from the employe's exposure to the hazard of occupational disease after June 30, 1973 in employment covered by The Pennsylvania Workmen's Compensation

Act. The employer liable for compensation provided by section 305.1 or section 108, subsections (k), (*l*), (m), (*o*), (p) or (q), shall be the employer in whose employment the employe was last exposed for a period of not less than one year to the hazard of the occupational disease claimed. In the event the employe did not work in an exposure at least one year for any employer during the three hundred week period prior to disability or death, the employer liable for the compensation shall be that employer giving the longest period of employment in which the employe was exposed to the hazards of the disease claimed.

(Emphasis added.)

In interpreting the foregoing language, our primary function is to ascertain and effectuate the intent of the legislature. 1 Pa.C.S. § 1921(a). Appellee argues that he has complied with the statutory limitations period because he suffered an occupational disease which he discovered within three hundred weeks of his last employment by appellant corporation. Appellant argues, on the other hand, that the last period of exposure to the hazard is the controlling factor, not the last date of employment, concluding that appellee's disease failed to meet the requirements of section 301(c)(2), as it did not manifest itself within three hundred weeks of appellee's last exposure to the hazard.

Our resolution of this conflict rests largely on the need to understand the entire section as a whole, rather than focusing on one sentence or another. *See* 1 Pa.C.S. § 1922(2). In reading the entire section we are forced to conclude, as the Commonwealth Court did in *Avalotis Painting v. Workmen's Compensation Appeal Bd. (Markulin)*, 153 Pa.Cmwlth. 511, 515, 621 A.2d 1167, 1169 (1993), that "period of exposure, not the total period of employment, is the governing factor throughout section 301(c)(2) [77 P.S. § 411(2) ]." The court in *Avalotis* was concentrating on the last two sentences of the section because Markulin had worked for more than one employer with exposure to hazardous substances. The court exonerated one employer which had employed Markulin for more than a year and instead held liable a second employer

which had subjected Markulin to a longer period of exposure though it had employed him for a shorter period than the first employer.

In *Avalotis,* the court referred to its prior decision in *Hoosier Engineering Co. v. Workmen's Compensation Appeal Bd. (Winters),* 153 Pa.Cmwlth. 229, 620 A.2d 697 (1993), in which it had discussed the anomaly of focusing on length of employment rather than length of exposure to hazards. The court reasoned that the period of actual exposure, rather than length of employment, controlled, and held that the employer giving longer exposure but shorter employment was liable for the claimant's occupational disease.

The reasoning in these two cases is impeccable, and we believe that the governing principle applies throughout section 301(c)(2): the relevant employment is employment in which a worker is exposed to the hazard of occupational disease. This appears to be the intent of the legislature and the only logically sound interpretation of the statutory language.

Appellee's interpretation, on the other hand, creates an aberration which appears to be contrary to the intent of the legislature, as pointed out in the dissenting opinion in the Commonwealth Court. Fellow employees who together undergo a period of exposure to an occupational hazard and then contract the identical occupational disease decades later would be treated differently under the statute if one employee had continued to work for the same employer but another had moved to a different job. As the dissenting opinion indicates, the statute seeks to treat all employees in a consistent fashion; it would be unfair to provide compensation to one employee but not another simply because the first employee was fortunate enough to remain with the same employer throughout his career. Rather, the purpose of the limitations period is to limit compensation for occupational diseases to those which manifest themselves within three hundred weeks of *exposure* to a hazard. *See Cable v. Workmen's Compensation Appeal Bd. (Gulf Oil/Chevron USA, Inc.),* 168 Pa.Cmwlth. 201, 210, 649 A.2d 480, 484 (1994) (Pellegrini, J., dissenting).

■■■■■■

Accordingly, the Workmen's Compensation Appeal Board was correct in denying occupational disease benefits to appellee, who was not exposed to the hazard within the three hundred weeks preceding the onset of his disease, and the Commonwealth Court erred in reversing that determination.

Order reversed.

NIX, C.J., concurs in the result.

CAPPY, J., files a dissenting opinion which is joined by CASTILLE, J.

MONTEMURO, J., is sitting by designation.

CAPPY, Justice, dissenting:

I respectfully dissent on the basis of the well-reasoned opinion of the Commonwealth Court.

CASTILLE, J., joins this dissenting opinion.