922 A.2d 891

**Charles YOUNG, Deceased, Arlene Young, Widow**

v.

**WORKERS' COMPENSATION APPEAL BOARD (ZINC CORPORATION OF AMERICA)**

**Appeal of Zinc Corporation of America.**

Supreme Court of Pennsylvania.

Argued March 5, 2007.

Decided May 31, 2007.

Jeanette Hsin Ho, Esq., Louis C. Long, Esq., Pietragallo, Bosick & Gordon, L.L.P., Pittsburgh, for Zinc Corporation of America.

Amber Marie Kenger, Esq., Richard C. Lengler, Esq., for Workers' Compensation Appeal Board.

Daniel King Bricmont, Esq., Caroselli, Beachler, McTiernan & Conboy, L.L.C., Pittsburgh, for Charles Young.

Thomas W. Corbett, Esq., Harrisburg, for Commonwealth of Pennsylvania.

BEFORE: CAPPY, C.J., and CASTILLE, SAYLOR, EAKIN, BAER and BALDWIN, JJ.

***ORDER***

PER CURIAM.

The Order of the Commonwealth Court is affirmed with the caveat that the Commonwealth Court shall modify its Order to specify that the calculation and award of benefits should not include any award for lifetime claim benefits as claimant

conceded that she was discontinuing her claim for lifetime benefits.

Justice SAYLOR files a concurring statement in which Justice BALDWIN joins.

Justice SAYLOR, concurring.

I join the majority disposition of this appeal, because I believe that it effectuates a plain-meaning application of Section 301(c)(2) of the Workers' Compensation Act, 77 P.S. § 411(2). I write only to note that Employer's substantive due process argument gives me pause, since the plain-meaning interpretation of Section 301(c)(2) eliminates (or at least severely restricts) the conventional workers' compensation concept of employer-specific work relatedness in the occupational disease setting. I believe, however, that any developed discussion of substantive due process relative to workers' compensation would need to encompass a discussion of the trilogy of decisions in which the United States Supreme Court, in very general terms, approved the basic loss-spreading scheme inherent in the general workers' compensation concept as consistent with constitutional due process norms. *See New York Central R.R. Co. v. White*, 243 U.S. 188, 37 S.Ct. 247, 61 L.Ed. 667 (1917); *Hawkins v. Bleakly*, 243 U.S. 210, 37 S.Ct. 255, 61 L.Ed. 678 (1917); *Mountain Timber Co. v. State*, 243 U.S. 219, 37 S.Ct. 260, 61 L.Ed. 685 (1917). Since Employer has not included such a discussion in its brief, or referenced any other substantive due process decision, I find its argument on this point to be insufficiently developed to warrant further consideration in this case.

Justice BALDWIN joins this concurring statement.