[1]IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Bernauer, Sr.,                    :
                                         :
                    Petitioner           :
                                         :
         v.                              :  No. 943 C.D. 2020
                                         :  Submitted:  July 2, 2021
Tinicum Township (Workers'               :
Compensation Appeal Board),              :
                                         :
                    Respondent           :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge[1]
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE J. ANDREW CROMPTON, Judge[2]


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                          FILED:  January 25, 2022


        Robert Bernauer, Sr. (Claimant) petitions for review of an order of the
Workers' Compensation Appeal Board (Board) that affirmed a decision of the
Workers' Compensation Judge (WCJ) denying and dismissing Claimant's claim
petition upon determining that Claimant failed to sustain his burden of proving
entitlement to benefits for his alleged occupational disease and disfigurement under

---

[1] This case was assigned to the opinion writer before January 7, 2022, when Judge Cohn Jubelirer became President Judge.

[2] The Court reached the decision in this case prior to the conclusion of Judge Crompton's service on the Commonwealth Court.

the Workers' Compensation Act (Act).[3]  Claimant contends that the Board deviated from its standard of review by making its own findings of fact to deny Claimant's claim after concluding that the WCJ erred by denying the claim based on the doctrines of res judicata and collateral estoppel.  Claimant also contends that the Board erred by misinterpreting a firefighter's burden of proof under the Act by requiring proof of wage loss, disfigurement, or unpaid medical expenses.  For the reasons that follow, we reverse and remand.

## I. Background

The following is a brief procedural history of the litigation preceding the present appeal.  On November 21, 2012, Claimant filed an initial claim petition (First Claim Petition) alleging that on June 1, 2008, he sustained an injury in the nature of buccal cavity cancer, on the right side of his mouth, from exposure to chemicals in his volunteer service as a firefighter and fire marshal with Tinicum Township (Employer).  Claimant sought payment of total disability benefits as of June 1, 2008, and medical bills.  Claimant later amended the First Claim Petition to indicate that a month of disability was at issue and to include a disfigurement claim for loss of teeth and facial changes.  Employer filed a timely answer denying all of the material allegations.

Following a hearing, by decision and order circulated on October 10, 2014, the WCJ granted the First Claim Petition.  The WCJ concluded that Claimant met his burden of proof and ordered payment of total disability benefits from September 17, 2008, to October 5, 2008, at which time she suspended benefits, and reimbursement of medical bills plus interest.  The WCJ also awarded disfigurement

---

[3] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4; 2501-2710.

benefits for 50 weeks. Employer appealed.

By decision and order dated August 26, 2016, the Board remanded the matter to the WCJ for a determination of whether Claimant's notice was timely under Section 311 of the Act, 77 P.S. §631 (providing that a claimant must provide notice within 120 days of either the date of the injury or the date at which the claimant knows, or by the exercise of reasonable diligence should know, of the existence of the injury and its possible relationship to his employment). No additional hearings were held. By decision and order dated November 29, 2016, the WCJ found timely notice and again granted Claimant's First Claim Petition by awarding a closed period of total disability benefits and disfigurement benefits. Employer again appealed.

On appeal, the Board determined that Claimant did not meet his evidentiary burden by failing to introduce Pennsylvania Fire Information Reporting System (PennFIRS) reports to show that occupational exposure was a substantial contributing factor to his disease. The Board also determined that Claimant did not provide timely notice of his injury to Employer. By decision dated March 19, 2018, the Board reversed the decision and order of the WCJ granting Claimant's First Claim Petition. Claimant did not file any further appeal from this decision, thereby making the decision final.

On June 25, 2018, Claimant filed a second claim petition (Second Claim Petition), which is the subject of this appeal. In the Second Claim Petition, Claimant similarly alleged that on June 1, 2008, he sustained an injury in the nature of buccal cavity cancer, on the left side of his mouth, which was diagnosed in 2016, from exposure to chemicals in his volunteer service as a firefighter and fire marshal with Employer. Claimant sought payment of total disability benefits as of January 1, 2018, and ongoing, in addition to medical bills and disfigurement benefits. As for

3

notice, Claimant alleged that he provided notice to Employer on June 25, 2018, "[b]y filing this petition after learning, for the first time, from Dr. Tee Guidotti[, M.D. (Dr. Guidotti),] that his cancer is substantially increased among firefighters such that benefits may be claimed pursuant to [S]ection 108(n) [of the Act, added by the Act of October 17, 1972, P.L. 930, 77 P.S. §27.1(n)]. [Employer] was also notified of the work[-]related nature of the cancer in a prior litigation." Certified Record (C.R.) at 7.[4] Employer filed a timely answer denying all of the material allegations, and asserting that the new claim petition was barred by the statute of limitations, notice and/or res judicata, and collateral estoppel. A hearing before the WCJ ensued.

At the hearing, Claimant offered the hearing transcript of his testimony from the January 16, 2013 hearing before the WCJ regarding the First Claim Petition and his testimony taken on August 22, 2018, regarding the Second Claim Petition. Claimant testified that he joined the volunteer fire service in 1956. Claimant documented exposures to smoke, soot, and diesel emissions throughout various phases of firefighting during his many years of service. Claimant acknowledged the prior litigation and testified that he was cancer free in 2013. He continued his volunteer fire service through 2015, with exposure to smoke, soot, and debris. In 2015, John Ridge, M.D. (Dr. Ridge), a surgical oncologist, found a new spot in Claimant's mouth, which was diagnosed as a new cancer in 2016. In 2016, Claimant underwent surgical treatment and missed six weeks of work from his full-time job with the Tinicum Township Wastewater Treatment Plant (Plant), in which he worked 40 hours a week at a rate of $49.50 an hour. Claimant retired from full-time employment on June 1, 2018, and presently works at the Plant on a part-time basis as a contract employee at 24 hours per week. Claimant continues to require

_____

[4] Because the Certified Record was filed electronically and was not paginated, the page numbers referenced in this opinion reflect electronic pagination.

4

treatment for his mouth cancer, which includes reconstruction of his mouth following surgical treatment.

Claimant testified that he received a copy of Dr. Guidotti's report regarding the relation of buccal cavity cancer to his fire service. The report noted that fire service exposure substantially increases the risk of developing buccal cavity cancer. Claimant testified that he was unaware of the risk or connection prior thereto.

Claimant also offered the testimony of Dr. Guidotti, who is board certified in internal, pulmonary, and occupational medicine. Dr. Guidotti testified that he reviewed Claimant's medical records and testimony. Dr. Guidotti noted Claimant's long history of fire service and exposure to multiple International Agency for Research on Cancer (IARC) Group I carcinogens. He testified that Claimant had a specific type of mouth cancer in September 2008, for which he received surgical treatment, and then returned to work as a firefighter. In 2016, Claimant was diagnosed with another oral cancer. Both cancers were buccal squamous cell carcinomas. Dr. Guidotti testified that Claimant's 2016 cancer diagnosis was most likely a second and different cancer. Dr. Guidotti conducted a general causation assessment regarding the incidence of buccal cavity cancer among firefighters and opined that firefighters have a substantial elevation in the risk of buccal cavity cancer from the general population. Dr. Guidotti specifically opined that Claimant's 2016 buccal cavity cancer diagnosis was related to his decades of fire service exposure.

In opposition, Employer presented the deposition testimony of Alan Lippman, M.D. (Dr. Lippman), who is board certified in internal medicine and medical oncology, as well as documents related to the prior litigation, including

5

Claimant's First Claim Petition and the WCJ's November 29, 2016 decision and order. Dr. Lippman testified that he reviewed Claimant's testimony and medical records, as well as Dr. Guidotti's report. He testified that Claimant had a chronic oral cavity condition called "leukoplakia" and that this was the principal cause of his cancer. He agreed that Claimant's 2016 cancer diagnosis was a new incident of cancer, separate and distinct from the 2008 diagnosis. Reproduced Record (R.R.) at 296a-97a. Although Dr. Lippman agreed that exposure to smoke, soot, and diesel exhaust in the course of firefighting may lead to buccal cavity cancer, he noted that he was not provided with any information regarding the number of events where Claimant was actually exposed to such carcinogens. R.R. at 296-98a. Dr. Lippman testified that Claimant's first cancer made him more susceptible to the second cancer. R.R. at 299a.

The WCJ found the testimony of Claimant and Dr. Guidotti credible and accepted Dr. Guidotti's opinions over those expressed by Employer's expert, Dr. Lippman. The WCJ specifically accepted their testimony as credible regarding the nexus between Claimant's firefighting duties and the development of his cancer. The WCJ explained:

> Dr. Guidotti is credible and persuasive because cited studies during Dr. Guidotti's testimony support his opinions, because Dr. Guidotti has remarkable credentials as an expert and for the determination of the medical issues in this litigation, because statements in [] Claimant's medical records for the most part support Dr. Guidotti's opinions and findings, and because Dr. Guidotti gave rational explanations for his opinions.

WCJ Op., 5/28/19, Finding of Fact (F.F.) No. 12. The WCJ rejected Dr. Guidotti's testimony regarding the date of Claimant's new cancer in 2016, finding instead that the cancer was discovered in 2015 based upon Claimant's testimony and medical

records. *Id.* Although the WCJ found Dr. Lippman credible to an extent, she found Dr. Guidotti more credible and persuasive with respect to Claimant's firefighting activities as the cause of Claimant's cancer. F.F. No. 14.

Notably, the WCJ found that Claimant underwent surgeries for the new cancer and continues to receive treatment for the reconstruction of his mouth by Dr. Ridge. Claimant has out-of-pocket expenses for the recent cancer treatment. A health insurance carrier paid bills for portions of his cancer surgeries. Claimant missed time from work, specifically about two weeks for the first surgery in 2015, and four weeks after an additional surgery in 2016, on unspecified dates in the record. The WCJ further found that the 2008 surgery disfigured Claimant, and specifically noted a droop in the left side of his mouth and jaw. However, the WCJ found that Claimant offered no medical evidence during the litigation of the Second Claim Petition to prove the permanency of the alleged disfigurement following the 2015-2016 surgeries. F.F. No. 5.

Despite accepting Claimant's evidence and making findings in Claimant's favor, the WCJ concluded that Claimant failed to establish entitlement to relief under Section 108(n) of the Act. In support, the WCJ found that Claimant's Second Claim Petition was barred. The WCJ explained that Claimant knew of his new buccal cavity cancer in February 2015, with a relationship to a work injury of 2008, as well as the alleged disfigurement after the surgery in 2016, during the litigation of the First Claim Petition and did not amend his claim to include the same. The WCJ reasoned that Claimant's Second Claim Petition "should be and is barred by technical res judicata and collateral estoppel." F.F. No. 11(f). Thus, by decision and order circulated on May 28, 2019, the WCJ denied Claimant's Second Claim Petition.

7

Claimant appealed to the Board. The Board found that the WCJ erred in concluding that the Second Claim Petition was barred as a matter of law. The Board explained that the WCJ rendered her original decision in 2014, on the First Claim Petition, prior to the onset of the new cancer. Although the case was remanded to the WCJ in 2016, and another determination followed, the remand was limited to the issue of notice. Claimant could not have presented a new claim for a new cancer occurring in 2015 or 2016, at the time of the original litigation.

Nevertheless, the Board determined that the WCJ correctly denied the Second Claim Petition because Claimant failed to establish entitlement to relief under the Act. Although Claimant established a nexus between his cancer and fire service exposure, the Board explained that he failed to present any evidence regarding wage loss, unpaid medical expenses, or disfigurement to support an award. By decision dated September 24, 2020, the Board affirmed the WCJ's decision denying Claimant's Second Claim Petition. Claimant's petition for review is now before us.[5]

## II. Issues

On appeal, Claimant contends that the Board erred and deviated from its standard of review by making its own findings of fact to deny Claimant's Second Claim Petition. Although the Board correctly concluded that the WCJ committed an error of law by denying the Second Claim Petition based on the doctrines of res

---

[5] Our review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Department of Transportation v. Workers' Compensation Appeal Board (Clippinger)*, 38 A.3d 1037, 1042 n.3 (Pa. Cmwlth. 2011). As to questions of law, our standard of review is *de novo* and our scope of review is plenary. *Pitt Ohio Express v. Workers' Compensation Appeal Board (Wolff)*, 912 A.2d 206, 207 (Pa. 2006).

judicata and collateral estoppel, it erred by affirming the denial on other grounds. In so doing, Claimant argues that the Board misinterpreted Claimant's burden of proving his cancer claim under Sections 108(n) and 301(c)(2) of the Act, 77 P.S. §§27.1(n) and 411(2) (relating to occupational diseases), by requiring evidence of wage loss, disfigurement, or unpaid medical expenses in order to establish an entitlement to compensation.[6]

## III. Discussion

## A. Res Judicata and Collateral Estoppel

We begin by examining whether the WCJ erred in applying the doctrines of res judicata and collateral estoppel because this issue is intertwined with Claimant's standard of review challenge. The doctrines of res judicata and collateral estoppel are applicable in agency appeals, including workers' compensation appeals. *Hebden v. Workmen's Compensation Appeal Board (Bethenergy Mines, Inc.)*, 632 A.2d 1302, 1304 (Pa. 1993); *Lindermuth v. Workers' Compensation Appeal Board (Strishock Coal Co.)*, 134 A.3d 111, 125 (Pa. Cmwlth. 2016). As this Court has explained:

> Res judicata encompasses two related, but distinct principles: technical res judicata and collateral estoppel. Technical res judicata provides, where a final judgment on the merits exists, a future lawsuit on the same cause of action is precluded. Collateral estoppel acts to foreclose litigation in a subsequent action where issues of law or fact were litigated and necessary to a previous judgment.

---

[6] Claimant also contends that he has established entitlement to benefits under Section 301(c)(1) of the Act, 77 P.S. §411(1). However, Claimant did not raise this claim in the Second Claim Petition, before the WCJ, in his appeal to the Board, or in his Petition for Review in this Court. Consequently, this issue is waived. *See Riley v. Workers' Compensation Appeal Board (DPW/Norristown State Hospital)*, 997 A.2d 382, 387-88 (Pa. Cmwlth. 2010); *McGaffin v. Workers' Compensation Appeal Board (Manatron, Inc.)*, 903 A.2d 94, 101 (Pa. Cmwlth. 2006).

> [Where applicable], collateral estoppel bars a subsequent lawsuit where (1) an issue decided in a prior action is identical to one presented in a later action; (2) the prior action resulted in a final judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party to the prior action, or is in privity with a party to the prior action; and (4), the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action.

*J.S. v. Department of Human Services*, 221 A.3d 333, 341 (Pa. Cmwlth. 2019) (quoting *C.J. v. Department of Public Welfare*, 960 A.2d 494, 499 (Pa. Cmwlth. 2008) (citations omitted)).

Here, Employer's res judicata and collateral estoppel arguments were premised upon the fact that, while the First Claim Petition was pending before the WCJ, Claimant knew of his new cancer diagnosis and its relationship to his occupational exposures yet did not include this injury in his original claim; and Claimant's Second Claim Petition contains identical allegations included in the First Claim Petition and constitutes an attempt to relitigate the original claim. The WCJ agreed and determined that Claimant's Second Claim Petition was barred by the doctrines of res judicata and collateral estoppel. However, a review of the procedural timeline and Claimant's allegations confirms the error of this conclusion.

Claimant filed his First Claim Petition in November 2012, alleging that he sustained an injury in June 2008 in the nature of buccal cavity cancer, on the *right side of his mouth*, from exposure to chemicals in his volunteer service as a firefighter. The WCJ initially granted the First Claim Petition by decision dated October 10, 2014. In August 2016, the Board remanded the matter to the WCJ for a determination regarding notice. No additional hearings were held. By decision and order dated November 29, 2016, the WCJ found timely notice and again granted

10

Claimant's First Claim Petition. However, on further appeal, the Board determined that Claimant did not provide timely notice or otherwise meet the requirements of the Act. By decision dated March 19, 2018, the Board reversed the decision and order of the WCJ granting Claimant's First Claim Petition. Meanwhile, Claimant's doctor detected a white spot on the *left side of his mouth* in 2015 that was later diagnosed as buccal cavity cancer in 2016. Claimant filed the Second Claim Petition in June 2018. Although Claimant's second cancer diagnosis occurred during the pendency of the first proceeding, the WCJ had already issued a final judgment regarding the existence of a work-related injury in 2014, prior to the new cancer discovery. The additional remand proceedings before the WCJ were limited to the notice issue. Therefore, Claimant did not have an opportunity to litigate the new cancer in the prior action. Furthermore, both Drs. Guidotti and Lippman agreed that the second onset of buccal cavity cancer was a new and separate injury from the prior cancer. We, therefore, conclude that the Board correctly determined that the WCJ erred by denying Claimant's Second Claim Petition based on the doctrines of res judicata and collateral estoppel.

### B. Standard of Review & Burden of Proof

Claimant argues that although the Board correctly determined that his claim was not barred, the Board deviated from its standard of review by making its own findings of fact contrary to those made by the WCJ and applying an incorrect burden of proof in denying the Second Claim Petition.

The WCJ, as the ultimate fact-finder in workers' compensation cases, "has exclusive province over questions of credibility and evidentiary weight . . . ." *A & J Builders, Inc. v. Workers' Compensation Appeal Board (Verdi)*, 78 A.3d 1233,

11

1238 (Pa. Cmwlth. 2013) (quoting *Anderson v. Workers' Compensation Appeal Board (Penn Center for Rehab)*, 15 A.3d 944, 949 (Pa. Cmwlth. 2010)). The WCJ's authority over questions of credibility, conflicting evidence, and evidentiary weight is unquestioned. *Id.* The WCJ may accept or reject the testimony of any witness, including a medical witness, in whole or in part. *Id.* The Board, and this Court, are bound by the WCJ's findings of fact provided they are supported by substantial evidence. *Lindermuth*, 134 A.3d at 125. Neither this Court nor the Board may disregard a WCJ's credibility determinations, or substitute findings of fact for those made by the WCJ. *RAG (Cyprus) Emerald Resources, L.P. v. Workers' Compensation Appeal Board (Hopton)*, 912 A.2d 1278, 1286 (Pa. 2007).

Section 301(c)(2) of the Act defines "injury" to include an "occupational disease as defined in [S]ection 108 of th[e] [A]ct." 77 P.S. §411(2). Section 108 of the Act, 77 P.S. §27.1, sets forth 16 specific categories of compensable occupational diseases, and includes a "catchall" provision in Section 108(n) of the Act, which provides:

> (n) All other diseases (1) to which the claimant is exposed by reason of his employment, and (2) which are causally related to the industry or occupation, and (3) the incidence of which is substantially greater in that industry or occupation than in the general population. . . .

77 P.S. §27.1(n). A claimant who seeks benefits under Section 108(n) must establish each of the following elements: 1) that he was exposed to the disease by reason of his employment; 2) that the disease is causally related to his employment; and 3) that the incidence of the disease is substantially greater in his particular industry or occupation than in the general population. 77 P.S. §27.1(n); *Kozlowski v. Workers' Compensation Appeal Board (McKeesport Hospital)*, 764 A.2d 676 (Pa. Cmwlth. 2000).

12

Our Supreme Court has explained:

> [O]nce a claimant establishes that he suffers from an enumerated occupational disease, *he is entitled to the presumption that the disease arose during the course of his employment.* The burden then shifts to the employer to rebut the presumption with substantial, competent evidence. . . . .

*City of Philadelphia v. Workers' Compensation Appeal Board (Kriebel)*, 29 A.3d 762, 769 (Pa. 2011) (citations omitted) (emphasis added); *see* Section 301(e) of the Act, added by the Act of October 17, 1972, P.L. 930, 77 P.S. §413 ("if it be shown that the employe, at or immediately before the date of disability, was employed in any occupation or industry in which the occupational disease is a hazard, it shall be presumed that the employe's occupational disease arose out of and in the course of his employment, but this presumption shall not be conclusive").

As for other elements of the Act that must be met to be eligible for compensation, this Court has explained:

> Despite language in the Act and case law generally stating that eligibility for compensation depends upon proof of disability, which is synonymous with earnings loss, our [C]ourt *has clarified that a claimant suffering from an occupational disease is entitled to payment of reasonable and necessary medical expenses regardless of whether the disease has caused earnings loss*.

*Young v. Workers' Compensation Appeal Board (Zinc Corporation of America)*, 897 A.2d 530, 534-35 (Pa. Cmwlth. 2006), *aff'd as modified*, 922 A.2d 891 (Pa. 2007) (citations omitted and emphasis added); *see DiLaqua v. City of Philadelphia Fire Department (Workers' Compensation Appeal Board)*, __ A.3d __, __ (Pa. Cmwlth., No. 1262 C.D. 2020, filed December 23, 2021) (same); *see also Caffey v. Workers' Compensation Appeal Board (City of Philadelphia)*, 185 A.3d

13

437, 446 (Pa. Cmwlth. 2018) ("If [a c]laimant can establish that he sustained an occupational disease under any applicable provisions of the Act, he is entitled to payment of his medical bills related to his occupational disease even though he did not suffer a loss in earnings."); *City of Philadelphia v. Workers' Compensation Appeal Board (Cospelich)*, 893 A.2d 171, 178 (Pa. Cmwlth. 2006) ("Our research has not revealed any appellate decisional law holding that a claimant suffering from an occupational disease was not entitled to payment of reasonable and necessary medical expenses because the disease had not yet caused the claimant to sustain a loss of earnings."). "[T]he Act requires an employer to pay for work-related medical expenses whether or not a loss of earnings has occurred." *DiLaqua*, __ A.3d at __, slip op. at *4.

Here, the WCJ found that the testimony of Claimant and Dr. Guidotti credible, particularly regarding the nexus between the buccal cavity cancer and the work-related cause. The WCJ found that Claimant proved that he was exposed to smoke, soot, and diesel exhaust in the line of duty, which are IARC carcinogens. The WCJ also found that buccal cavity cancer is causally related to fire service. The WCJ credited Dr. Guidotti's opinion that the incidence of buccal cavity cancer is substantially greater in the occupation of fire service than in the general population. Based on these findings, Claimant met the presumption of an occupational disease, which relieved him from proving that his disease arose out of and in the course of his employment. *See DiLaqua*. Employer did not rebut this presumption with substantial, competent evidence.

Yet, despite these findings, the WCJ concluded that Claimant did not prove entitlement to relief under Section 108(n) of the Act upon finding that the Second Claim Petition "should be and is barred by technical res judicata and

14

collateral estoppel." F.F. No. 11(f). Although the Board correctly determined that the WCJ erred in concluding that the claim was barred, the Board affirmed on the alternate basis that Claimant did not establish all requisite elements to support his claim citing *Inglis House v. Workmen's Compensation Appeal Board (Reedy)*, 634 A.2d 592, 595 (Pa. 1993).[7]

Specifically, the Board found that Claimant did not present any evidence of unpaid medical expenses. The Board found that Dr. Guidotti did not testify regarding dates of disability as a result of the buccal cavity cancer. The Board further found that Claimant did not provide any evidence that his loss of earning power was related to his cancer. Board Op., 9/24/20, at 13-14.

In so doing, the Board applied an incorrect burden and overstepped its authority by issuing its own findings of fact to support the WCJ's denial of benefits. The Board's findings are contrary to the WCJ's findings that Claimant missed work and incurred out-of-pocket medical expenses as a result of the cancer. F.F. No. 5(x), (z). Notably, the WCJ found that Claimant missed time from work, specifically two weeks for the first surgery in 2015, and four weeks after the additional surgery in 2016. F.F. No. 5(x); C.R. at 77-78. The WCJ also found that Claimant has out-of-pocket expenses for the recent cancer treatment and that a health insurance carrier paid for a portion of Claimant's cancer surgeries.[8] F.F. No. 5(z); C.R. at 78. The WCJ's findings are based on Claimant's testimony, which the WCJ fully credited. F.F. No. 12. These findings combined with the presumption of occupational disease

---

[7] In *Inglis House*, our Supreme Court held that in a proceeding upon a claim petition, the claimant bears the burden of proving each and every element necessary to support an award under the Act, including a loss of earning power. 634 A.2d at 595.

[8] In fact, Claimant estimated that his out-of-pocket medical expenses are between $17,000 and $18,000. C.R. at 78.

support an entitlement to compensation under Section 108(n) of the Act. *See DiLaqua*.

## IV. Conclusion

Accordingly, we reverse the Board's order and remand the matter to the Board with instructions to remand to the WCJ to render additional findings of fact regarding the calculation of medical expenses and lost earnings and a final appealable order.

 

 

_____
MICHAEL H. WOJCIK, Judge

Judge Fizzano Cannon did not participate in the decision of this case.

16

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Bernauer, Sr.,                          :
                                               :
                    Petitioner                 :
                                               :
        v.                                     :   No. 943 C.D. 2020
                                               :
Tinicum Township (Workers'                     :
Compensation Appeal Board),                    :
                                               :
                    Respondent                 :


O R D E R


        AND NOW, this 25th day of January, 2022, the order of the Workers'
Compensation Appeal Board (Board), dated September 24, 2020, is REVERSED,
and this matter is remanded to the Board to remand to the Workers' Compensation
Judge for further proceedings consistent with this opinion.

        Jurisdiction relinquished.


                                        _____
                                        MICHAEL H. WOJCIK, Judge