# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Chester,                          :
                          Petitioner      :
                                          :
          v.                              :    No. 1040 C.D. 2021
                                          :    Submitted: January 27, 2023
John Gresch and Nether Providence         :
Township (Workers' Compensation           :
Appeal Board),                            :
                          Respondents     :

BEFORE:    HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                                      FILED: July 6, 2023

The City of Chester (City) has petitioned this Court to review an adjudication of the Workers' Compensation Appeal Board (Board), affirming the decision of the Workers' Compensation Judge (WCJ), which granted a claim petition filed by John Gresch (Claimant) under the Workers' Compensation Act (Act)[1] and denied the City's joinder petition. On appeal, the City contends that the Board erred in its application of the "liable employer" doctrine.[2] Upon review, we affirm.

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

[2] As discussed hereinafter, where a claimant suffers from an occupational disease as a result of exposure to the hazards of that disease while employed by multiple employers, the doctrine assigns liability to a single employer. *See Avalotis Painting v. Workmen's Comp. Appeal Bd. (Markulin)*, 621 A.2d 1167 (Pa. Cmwlth. 1993); Section 301(c)(2) of the Act, 77 P.S. § 411(2).

# I. BACKGROUND[3]

Claimant worked for the City as a firefighter for approximately 37 years, from May 28, 1977, to April 1, 2014, eventually achieving the rank of "battalion chief." Following his retirement, Claimant began to work as a fire marshal for Nether Providence Township (Township) and has worked for the Township since September 10, 2015. In November 2017, Claimant was diagnosed with kidney cancer. He was treated for the cancer, had part of his kidney surgically removed, and missed approximately six months of work with the Township.

On February 22, 2019, Claimant filed a claim petition against the City, alleging that he had developed kidney cancer after exposure to carcinogens while working as a firefighter for the City. Claimant sought total compensation benefits from January 3, 2018, through May 1, 2018. The City denied liability and filed a petition for joinder against the Township. In turn, the Township denied all the allegations in the joinder petition.

A hearing was held before the WCJ on September 9, 2019. By deposition, Claimant testified that he was exposed routinely to smoke, soot, and diesel emissions during his career with the City. He also quantified those exposures, testifying that he responded to 12 structure fires per month.[4] Claimant's current duties as a fire marshal differ considerably. In that role, Claimant performs fire inspections, conducts fire investigations, and hosts fire safety programs with children. Claimant is not an active firefighter but has been on the grounds of fire scenes approximately six or seven times during his service with the Township.

---

[3] Unless stated otherwise, we adopt the factual background for this case from the decision of the WCJ, which is supported by substantial evidence of record. *See* WCJ's Decision, 2/26/2020, at 1-11. We note that the parties do not dispute the facts.

[4] As battalion chief, Claimant would respond to as many as two dozen fires per month. *See* WCJ's Decision at 6.

Claimant also introduced the medical report of Tee L. Guidotti, M.D., who is board certified in internal medicine and occupational medicine and has studied cancer in the fire service for decades. Dr. Guidotti opined that Claimant was exposed to group 1 carcinogens[5] tetrachloroethylene and trichloroethylene as a firefighter by way of smoke produced from burning synthetic materials. According to Dr. Guidotti, this exposure caused Claimant's development of kidney cancer.[6] Neither the City nor the Township offered medical evidence to contest Dr. Guidotti's report.

Based upon this evidence, the WCJ granted Claimant's petition, awarding him indemnity benefits, medical benefits, and litigation costs. The WCJ also denied the City's petition to join the Township, concluding that the Township was not liable for Claimant's cancer.[7]

The City appealed to the Board, which affirmed. The City now appeals to this Court.[8]

---

[5] The International Agency for Research on Cancer ("IARC") is a specialized research group within the World Health Organization that attempts to identify the causes of human cancers. The agency evaluates various agents, mixtures, and exposures, and classifies them into one of five groups. Group 1 substances are considered "carcinogenic to humans." *See* IARC Monographs on the Evaluation of Carcinogenic Risks to Humans, WORLD HEALTH ORGANIZATION, https://monographs.iarc.who.int/agents-classified-by-the-iarc (last visited July 5, 2023).

[6] In 2014, prior to his retirement from the City, Claimant was diagnosed with leukemia. Dr. Guidotti opined that Claimant's type of leukemia was unrelated to Claimant's fire service.

[7] The WCJ determined that Claimant established an occupational disease per Section 108(r) (occupational diseases) as well as Section 108(n) (catch-all provision) of the Act. *See* 77 P.S. §27.1(r); 77 P.S. §27.1(n), added by the Act of October 17, 1972, P.L. 930. In addition, the WCJ determined that Claimant was entitled to the benefits of the firefighter presumption. *See* Section 301(f) of the Act, 77 P.S. § 414 (cancer suffered by a firefighter), added by the Act of July 7, 2011, P.L. 251. These conclusions are not at issue in this appeal.

[8] Our review is limited to determining "whether there has been a violation of constitutional rights, whether errors of law have been committed, whether board procedures were violated, or whether necessary findings of fact are supported by substantial evidence." *Bryn Mawr*

## II. ISSUE

On appeal, the City contends that the Township is liable for Claimant's cancer because the Township was the more recent employer to expose Claimant to a group 1 carcinogen. Pet'r's Br. 9-14. In response, Claimant argues that the Board's decision is supported by evidence of record and all pertinent authority. Resp't's Br. at 12-13.[9, 10]

## III. ANALYSIS

The City asserts that the Board erred in determining that the City is the liable employer because Claimant was last exposed to the hazard while employed for the Township. Pet'r's Br. at 10. According to the City, Section 301(c)(2) of the Act, 77 P.S. §411(2), states that where a claimant works for more than one employer for a period of more than one year, the liable employer is the employer which last

---

*Landscaping Co. v. Workers' Comp. Appeal Bd. (Cruz-Tenorio)*, 219 A.3d 1244, 1252 n.5 (Pa. Cmwlth. 2019) (internal citation omitted).

[9] The Township filed a brief in response to the City's petition for review, arguing the following: the Township is not the liable employer under Section 301(c)(2) because there was no evidence that Claimant was exposed to hazards while employed for the Township and that the Township is not liable for Claimant's cancer under Section 108(r) because Claimant was a fire marshal and not a firefighter; thus, Section 108(r) does not apply. Twp.'s Br. at 22-26. In light of the issue presented by the City, and our disposition of this appeal, we need not address the Township's arguments.

[10] In its brief, the City also argues that the WCJ erred in determining that the City was liable under Section 108(n) because it did not employ Claimant on the last date of exposure. Pet'r's Br. at 14-16. This Court reviews decisions of the Board, not the WCJ. Thus, the target of the City's criticism is misplaced. *See Dowhower v. Workers' Comp. Appeal Bd. (Capco Contracting)*, 934 A.2d 774, 778-79 (Pa. Cmwlth. 2007) (holding that issues determined by the WCJ but not addressed by the Board were not ripe for appellate review). Further, the Board determined liability under Section 108(r), and we discern no error therein. *See* Board Op. and Order, 8/26/21, at 7-8. This Court has consistently applied Section 108(n) as a "catch all" provision for those claimants unable to establish an entitlement to benefits under a more specific provision such as Section 108(r). *See, e.g., Capaldi v. Workers' Comp. Appeal Bd. (City of Philadelphia)*, 152 A.3d 1107, 1115 n.12 (Pa. Cmwlth. 2017) ("[W]here a claimant fails to make a case under Section 108(r) of the Act, he may show that it was an occupational disease under the catch all provision in Section 108(n) of the Act."). For these reasons, we decline to address the City's argument in further detail.

4

exposed a claimant to the occupational hazard. Pet'r's Br. at 10. Because Claimant was diagnosed with kidney cancer two years into his employment with the Township, during which he was exposed to the same carcinogens linked to kidney cancer, the City maintains that the Township is the liable employer. Pet'r's Br. at 10-13. This is so, according to the City, even though Claimant did not work as a firefighter for the Township. *Id*. at 12-13. Therefore, the City concludes, the Board's decision not to assess liability against the Township is legally erroneous. *Id.* at 13-14. In support of these arguments, the City principally relies on *Young v. Workers' Compensation Appeal Board (Zinc Corp. of America)*, 897 A.2d 530 (Pa. Cmwlth. 2006), *affirmed as modified*, 922 A.2d 891 (Pa. 2007).[11]

Section 301(c)(2) of the Act limits employer liability to occupational disease that manifests within 300 weeks of a claimant's workplace exposure to the hazards of that disease. *See* 77 P.S. § 411(2). If a claimant's exposure occurred while employed by multiple employers, however, only one employer will be liable. *See id.* Further, if the actual exposure to the hazards of an occupational disease, at these multiple employers, is less than one year, then the liable employer will be the employer that exposed the claimant to those hazards for the longest period. *See id.*

In *Avalotis Painting v. Workmen's Compensation Appeal Board (Markulin)*, 621 A.2d 1167 (Pa. Cmwlth. 1993) (*Avalotis*), this Court formulated what is commonly known as the "liable employer doctrine." In that case, the claimant worked for at least two employers during the 300-week limitations period

---

[11] The City also suggests that the WCJ erred in determining that the Township was not the liable employer because Claimant's leukemia diagnosis pre-dated his employment with the Township. *See* Pet'r's Br. at 13. As previously noted, the City did not challenge the WCJ's findings, including his credit of Dr. Guidotti's opinion that Claimant's leukemia was unrelated to his fire service. Because the City failed to raise this issue before the Board, this argument is waived. *See Trigon Holdings, Inc. v. Workers' Comp. Appeal Bd. (Griffith)*, 74 A.3d 359, 365 (Pa. Cmwlth. 2013) (an employer's failure to raise a challenge before the Board results in its waiver).

prior to contracting silicosis. *Avalotis*, 621 A.2d at 1170. While the claimant had worked for one of those employers for more than a year, the record established that the claimant's employment with another employer, though shorter in duration, had caused actual exposure to silica for a longer period. *See id.* The Board assigned liability accordingly, and this Court affirmed, reasoning that it is not the length of employment, but rather the length of actual exposure to an occupational hazard that is the determinative factor. 621 A.2d at 1169; *see also Cable v. Workmen's Comp. Appeal Bd. (Gulf Oil/Chevron USA, Inc.)*, 664 A.2d 1349, 1351 (Pa. 1995) (plurality) (reiterating that "relevant employment is employment in which a worker is exposed to the hazard of occupational disease" and describing our reasoning in *Avalotis* as "impeccable").[12]

Here, Claimant was employed by the City and the Township during the 300 weeks prior to his diagnosis of kidney cancer. While Claimant sought to quantify his actual exposure to group 1 carcinogens, it remains unclear on this record whether either employer was responsible for Claimant's actual exposure to group 1 carcinogens for a period of more than a year. Although Claimant worked for the

---

[12] There are several permutations of the liable employer doctrine, each rooted in a claimant's actual exposure to the hazards of an occupational disease. As the *Avalotis* Court stated:

> [T]he word "exposure" in [S]ection 301(c)(2) means that, in cases in which a claimant has worked for an employer who is responsible for an actual period of exposure of one year or more, that employer is liable. If there is more than one such employer who is responsible for a period of actual exposure of one year or more, the employer who last thus employed the claimant is liable. Of course, . . . if no employer is responsible for a period of actual exposure of one year or more, the employer responsible for the longest period of actual exposure is the employer who is liable for compensation payments. Thus, period of exposure, not the total period of employment, is the governing factor throughout [S]ection 301(c)(2).

621 A.2d at 1169.

Township more recently, for two years immediately preceding his diagnosis, Claimant credibly testified that he responded to six or seven fires in total while employed by the Township. In contrast, Claimant responded to 12 fires per month while employed by the City. It is therefore obvious that Claimant's actual exposure to the relevant group 1 carcinogens was far greater while employed by the City than the Township. Thus, the City is liable for the payment of Claimant's workers' compensation benefits. *See* 77 P.S. § 411(2); *Avalotis*; *Cable*.[13]

In our view, the City's reliance on *Young* is misplaced. In *Young*, the claimant was diagnosed with cancer after being exposed to asbestos by five different employers over his forty-five-year career. 897 A.2d at 531. This Court held the most recent employer liable because it was the only employer that exposed the claimant to asbestos during the 300-week limitations period. *Id*. at 533-34. Unlike the *Young* claimant, Claimant worked for both the City and the Township during the limitations period. Therefore, *Young* is inapposite to our current analysis.

Accordingly, we affirm the Board's order.



LORI A. DUMAS, Judge

---

[13] In describing the liable employer doctrine, the Board stated that, "[i]f the *employment* was with two employers for more than one year each, then the employer for the last longest employment period is liable." Bd. Op. & Order at 3 (emphasis added). The Board erred in suggesting that length of employment is determinative. Nevertheless, because its adjudication was correct, this Court may affirm the Board regardless of the reasons given. *See Country Club of Scranton & Amerihealth Cas. Servs. v. Workers' Comp. Appeal Bd. (Davidson),* (Pa. Cmwlth., No 1247 C.D. 2009, filed Feb. 17, 2010) 2010 WL 9512522 *(citing Wolf v. Workers' Comp. Appeal Bd. (Cnty. of Berks/Off. of Aging)*, 705 A.2d 483, 483 n.1 (Pa. Cmwlth. 1997)).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Chester, : 
                Petitioner : 
                    : 
         v. :   No. 1040 C.D. 2021
                    : 
John Gresch and Nether Providence : 
Township (Workers' Compensation : 
Appeal Board), : 
            Respondents : 

# **O R D E R**

AND NOW, this 6th day of July, 2023, the order of the Workers' Compensation Appeal Board, entered August 26, 2021, is AFFIRMED.

 

 

_____

LORI A. DUMAS, Judge